PER CURIAM.
| .Not considered. Relator’s application was not timely filed in accordance with La.S.Ct. Rule X, § 5(a). When the delay for rehearing in the court of appeal expired and no application for a writ of review was timely filed in this Court, the convictions and sentences became final. La.C.Cr.P. art. 922.
Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing óf a second or successive application only under the narrow circumstances provided in La. C.Cr.P. art. 930.4 and within .the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended La.C.Cr.P. art. 930.4 to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in state collateral proceedings in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless relator can show that one of the narrow exceptions authorizing the filing of a [2successive application applies, relator has exhausted his right to state collateral review..